ACCEPTED
06-14-00133-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/10/2015 9:44:23 AM
DEBBIE AUTREY
CLERK

No. 06-14-00133-CR

IN THE

COURT OF APPEALS

FOR THE SIXTH SUPREME

JUDICIAL DISTRICT OF TEXAS

TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/10/2015 9:44:23 AM
DEBBIE AUTREY
Clerk

DAVID MICHAEL DOLLINS,

Appellant

V.

THE STATE OF TEXAS,

Appellee

Appealed in Cause No. F-8840

8th Judicial District Court of Franklin County, Texas

BRIEF FOR APPELLEE

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

State Bar No 24062768

P.O. Box 882

Sulphur Springs, Texas 75483

(903) 885-0641

# TABLE OF CONTENTS

**TABLE OF CONTENTS**   **3**

**TABLE OF AUTHORITIES**   **4**

**SUMMARY OF THE ARGUMENT**   **5**

**ARGUMENT AND AUTHORITIES**   **5**

**STANDARD OF REVIEW**   **5**

**I.**   **Appellant failed to preserve error, if any**   **5**

**PRAYER FOR RELIEF**   **7**

**CERTIFICATE OF SERVICE**   **9**

# TABLE OF AUTHORITIES

**Cases**

*Tillman v. State, 354 S.W.3d 425, 435* (Tex.Crim.App.2011)...................................5

*Martinez v. State, 327 S.W.3d 727, 736* (Tex.Crim.App.2010)................................5

*Virts v. State, 739 S.W.2d 25* (Tex.Crim.App.1987) ................................................6

*Mumphrey v. State, 155 S.W.3d 651* (Tex.App.- Texarkana 2005)..........................6

**Rules**

TRE 103; ....................................................................................................................6

## SUMMARY OF THE ARGUMENT

Appellant failed to preserve any error regarding the cross-examination of Deputy Ricks.

## ARGUMENT AND AUTHORITIES

Appellant presents a sole issue for review: Did the trial court err in prohibiting Appellant from cross-examining Deputy Ricks about whether she obtained a written statement from the Victim.

## STANDARD OF REVIEW

Matters concerning the admission of evidence are reviewed for an abuse of discretion. *Tillman v. State,* 354 S.W.3d 425, 435 (Tex.Crim.App.2011). A trial court abuses its discretion only if its decision "lies outside the zone of reasonable disagreement." *Martinez v. State*, 327 S.W.3d 727,736 (Tex.Crim.App.2010).

### I.     Appellant failed to preserve error, if any.

Counsel for Appellant asked Deputy Ricks, "Now, did you ask [the Victim] for a written statement?" The State objected to relevance and the trial court sustained the objection. Counsel for Appellant then moved on to the next issue, asking whether Deputy Ricks recovered a knife from the crime scene. (R.R. Vol. 4 pg 50).

5

Texas Rule of Evidence 103(a)(2) requires a party to make known to the court by offer, the substance of excluded testimony, unless the substance of the testimony is apparent from the context. Appellant failed to make an offer of proof, and the substance of Appellant's intended line of questioning cannot be discerned from the record.

In the context of excluded cross-examination, Texas law recognizes two categories: situations in which a formal offer of proof is necessary to preserve error and situations in which less than a formal offer of proof will preserve error. *Virts v. State*, 739 S.W.2d 25 (Tex. Crim. App. 1987). When a defendant seeks to elicit certain, specific responses from a state's witness but is precluded by the trial court from doing so, a formal offer of proof is required. But when a defendant is not permitted to question a state's witness about a certain general subject that might affect the witness' credibility, less than a formal offer of proof will preserve error. *Virts*. This law was also applied by this Court of Appeals in *Mumphrey v. State*, 155 S.W.3d 651 (Tex.App.-Texarkana 2005).

In this case, Appellant was seeking to elicit certain, specific responses from Deputy Ricks. Appellant asserts the following in his brief:

"Here, the defense strategy was to develop a reasonable doubt regarding two elements of the offense required by the indictment and Court's Charge. First,

that the arresting officer, Deputy Ricks, did not have probable cause to arrest Appellant. Second, that the probable cause to arrest was sufficient only for misdemeanor Assault, not felony Aggravated Assault, by eliminating the probable cause that a knife was used or exhibited during the Assault." (Appellant's Brief p. 15)

Appellant was seeking to elicit facts that would diminish probable cause as to the arrest for Aggravated Assault, specifically whether the Deputy took a written statement from the Victim. Appellant was not assailing Deputy Ricks' credibility in general. Appellant's somewhat complex two-pronged purpose behind the prohibited cross-examination is further proof that the substance of the excluded testimony was not apparent from context. It should also be noted that the "general subject" of probable cause was permitted to be fully developed by Appellant in the subsequent line of questioning. (R.R. Vol. 4 pg 51-53).

Because Appellant did not make an offer of proof of the questions Appellant would have asked and the answers expected had such questioning in the presence of the jury been permitted, Appellant failed to preserve error. *Virts,* 739 S.W.2d at 29.

**PRAYER FOR RELIEF**

The State requests that this Court AFFIRM Appellant's conviction.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

State Bar No 24062768

P.O. Box 882

Sulphur Springs, Texas 75483

(903) 885-0641

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to counsel for Appellant, Martin Braddy, on this the 10th day of February, 2015.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

**CERTIFICATE OF WORD COUNT**

I certify that this document contains 836 words according to the counting tool in the program used to generate this document.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney